GRAHAM and Another *v.* SMITH, Administrator.

On a judgment against *A.*, *B.*, and *C.*, a scire facias issued to have execution against the goods of *A.* deceased, in the hands of his administrator: *Held*, that the scire facias, not averring the death of *B.* and *C.*, and the survivorship of *A.*, was bad on demurrer.

Quære, Whether the administrator of *A.* could be subjected, jointly with *B.* and *C.* if living, to the judgment; or whether, as respects the personal charge, *B.* and *C.* were alone liable at law, as the survivors of *A.*

*Tuesday,*
*November 29.*

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—Scire facias to have execution of the goods of *Dixon* in the hands of his administrator. The writ avers a joint judgment against *Test*, *Jacobs*, and *Dixon*, and that *Dixon* has since died. Demurrer to the scire facias and judgment for the defendant.

During *Dixon's* life, execution could not have issued, upon this joint judgment, against him alone, without an averment of the death of *Test* and *Jacobs*. The administrator's liability cannot be greater than that of his intestate whilst he was alive. Hence no execution can be had in this case against the administrator of *Dixon* alone, without its being shown in the scire facias that *Test* and *Jacobs* are dead, and that *Dixon* survived them. Whether the administrator of *Dixon* can be subjected, jointly with *Test* and *Jacobs* if they are living, to this judgment; or whether, as respects the personal charge, *Test* and *Jacobs* if alive are alone liable at law, as the survivors of *Dixon;* are questions not now before us. This case is very clear. The scire facias being founded upon the record of a joint judgment against *Test*, *Jacobs*, and *Dixon*, and praying the award of execution against *Dixon's* administrator alone, without showing the survivorship of *Dixon*, is bad upon demurrer.

*Per Curiam.*—The judgment is affirmed with costs.

*Caswell*, for the plaintiffs.
*Smith*, for the defendant.